IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. WOODWARD,

      **Plaintiff,**

      v.                                      CASE NO. 16-3033-SAC-DJW

RICK HODGE,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff is currently detained in the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant Rick Hodge, a detective at the Sedgwick County Sheriff's Office, violated Plaintiff's Sixth and Fourteenth Amendment rights by concealing evidence in his 1991 criminal case. The Court dismisses this action upon screening for the reasons that follow.

### I. Nature of the Matter before the Court

Plaintiff filed a Complaint (Doc. 1), alleging the following. In May of 1991, after Plaintiff was charged with the felony murder of a five-year-old victim, hair samples were gathered from Plaintiff pursuant to a court order in Sedgwick County District Court. Plaintiff claims he was unaware of mitigating evidence, which forced him to plead guilty in the homicide case.

On February 10, 2014, Plaintiff received a letter and laboratory report of the Kansas Bureau of Investigation in response to a discovery request in a state habeas corpus action. The cover letter, dated February 7, 2014, was from Captain Pollock of the Sedgwick County

Sherriff's Office in Wichita, Kansas. The lab report, dated July 30, 1991, concerned comparison tests done on hairs found on the body and clothing of the homicide victim from 1986. The hairs were compared to the samples of hair gathered from Plaintiff in 1991. The lab report indicated that Plaintiff's samples did not match the hairs from the victim. The report was returned to Defendant Rick Hodge, a detective at the Sedgwick County Sheriff's Office, on July 30, 1991. The report was never revealed to Plaintiff nor made available to him for use in his criminal trial in 1991.

Plaintiff alleges that this evidence, which he was not aware of until he received the letter in February, 2014, combined with other information and material evidence that was uncovered in June, 2015, would have provided Plaintiff with a defense in the criminal case. Plaintiff claims that Defendant Hodge purposefully concealed an item of evidence that was obtained under state law by court order, in violation of Plaintiff's Sixth Amendment right to a complete defense and his Fourteenth Amendment right to due process. Plaintiff also states that he has an ongoing state court action seeking DNA testing.

As Count I of his single-count Complaint, Plaintiff claims Defendant Hodge violated Plaintiff's Sixth and Fourteenth Amendment rights by concealing evidence of the lab report on the hair comparison. Plaintiff's request for relief seeks fifty million dollars in damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is

not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff's claim in this case necessarily implicates the validity of his conviction. The Supreme Court in *Brady v. Maryland*, held that a criminal defendant has a due process right to the prosecutor's disclosure of favorable material. *Brady v. Maryland*, 373 U.S. 83 (1963). "[T]he rule encompasses evidence 'known only to police investigators and not to the prosecutor.'" *Strickler v. Green*, 527 U.S. 263, 280–81 (1999) (citing *Kyles v. Whitley*, 514 U.S. 419, 438 (1995)). To establish a *Brady* violation, a plaintiff must make each of three showings: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler*, 527 U.S. at 281–82.

A *Brady* claim necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment. *Id*. at 296. Because the elements of a *Brady* claim include a requirement to show a reasonable probability that the result would have been different had the favorable material not been suppressed, the claim necessarily challenges the validity of the conviction and is therefore barred by *Heck*. *See, e.g., Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."); *Beck v. Muskogee Police Dep't*, 195 F.3d 553, 560 (10th Cir. 1999).

Plaintiff does not allege that his challenged conviction has already been overturned. Plaintiff claims that he has presented his claims in both state and federal habeas corpus actions, but relief is unavailable due to procedural bars. (Doc. 1 at 6); *see Woodward v. Cline*, 693 F.3d 1289, 1290 (10th Cir. 2012) (finding that postconviction discovery motion did not toll the

limitations period and denying certificate of appealability where district court dismissed Plaintiff's § 2254 petition as untimely).

The Tenth Circuit has joined those circuits holding that the *Heck* favorable-termination requirement should not prevent § 1983 claims for damages when brought by petitioners whose release from custody has made habeas relief unavailable. *See Cohen v. Longshore*, 621 F.3d 1311, 1315–16 (10th Cir. 2010). However, this limited exception for petitioners *no longer in custody* only applies when a petitioner has no available remedy in habeas "through no lack of diligence on his part." *Id*. at 1317 (emphasis added); *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("[C]onditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies . . . [which] may be granted only after other avenues of relief have been exhausted."); *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) ("The purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."); *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (finding that *Heck* still applied to bar § 1983 relief to plaintiff who was habeas-ineligible, but who had failed to directly challenge his conviction). Plaintiff's claims present no exception to the favorable-termination requirement in *Heck* and are therefore barred under *Heck*.

**IV. Motions for Preliminary Discovery**

Plaintiff has filed a Motion for Preliminary Discovery (Doc. 6), and an Amended Motion for Preliminary Discovery (Doc. 7). In his original motion, Plaintiff asks the Court to order the Sedgwick County Sheriff and Wichita Police to produce a *Martinez* report stating the names of all the officers involved in the investigation of the criminal case, the evidence gathered in their

investigation and any laboratory reports of results of testing on evidentiary materials. (Doc. 6, at 2.) Plaintiff asserts in the amended motion that he is now aware of items that exist in addition to the hair samples, including: a T-shirt; a pair of shorts; a pair of panties; and fingernail clippings from the victim. Plaintiff claims that these additional items "may have been subjected to forensic testing during the homicide investigation." (Doc. 7, at 1.) Based on the Court's ruling that this action is barred by *Heck*, Plaintiff's motions are denied.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** and all relief is denied, **without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Discovery (Doc. 6) and Amended Motion for Preliminary Discovery (Doc. 7) are **denied as moot**.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 30th day of August, 2016.**

<u>s/ Sam A. Crow</u>
Sam A. Crow
U. S. Senior District Judge