IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. WOODWARD,

    **Plaintiff,**

    v.                                                          CASE NO. 16-3033-SAC-DJW

RICK HODGE, et al.,

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Void Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4) (Doc. 12), asking the Court to void its judgment dismissing his § 1983 complaint.

Plaintiff is currently detained in the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff brought his *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant Rick Hodge, a detective at the Sedgwick County Sheriff's Office, violated Plaintiff's Sixth and Fourteenth Amendment rights by concealing evidence in his 1991 criminal case. The evidence consists of a lab report indicating that Plaintiff's hair samples did not match hairs found on the victim. The Court dismissed this action upon screening (Docs. 8, 9), finding that Plaintiff's claims present no exception to the favorable-termination requirement in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and are therefore barred under *Heck*.

Plaintiff filed a Motion for Reconsideration (Doc. 10). Plaintiff's motion for reconsideration alleged that the Court erred in finding that Plaintiff's § 1983 action is barred under *Heck*. In an Order entered on November 22, 2016 (Doc. 11), the Court addressed

1

Plaintiff's arguments and found that Plaintiff failed to show the need to correct clear error or prevent manifest injustice.

Plaintiff seeks relief from the Court's judgment under Rule 60(b)(4), which provides that the Court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4).[1] "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Alford v. Cline*, 2017 WL 2473311, at *2 (10th Cir. June 8, 2017) (unpublished) (quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)). "Because § 1915A requires a district court to dismiss a prisoner's civil action for failure to state a claim as soon as practicable, a judgment dismissing such an action before service of process isn't void for lack of personal jurisdiction." *Robertson v. Kansas*, 624 F. App'x 969, 971 (10th Cir. 2015) (unpublished).

Due process is satisfied if "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied." *Alford*, 2017 WL 2473311, at *2 (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)). Plaintiff does not dispute that he received adequate notice or the opportunity to present his arguments. *See United States v. Rogers*, 657 F. App'x 735, 738 (10th Cir. 2016) (unpublished) (finding that Rule 60(b)(4) argument failed where the court considered party's claims, discussed the claims, and adequately addressed party's arguments). A judgment is not void merely because it is or may have been erroneous. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *Buck*, 281 F.3d at 1344 ("[A] judgment is not void merely because it is erroneous."). A Rule 60(b)(4) motion "is not a substitute for a timely appeal." *Espinosa*, 559 U.S. at 270 (citations omitted).

---

[1] Plaintiff also requests that the undersigned recuse from hearing this motion. Any such request is denied. Plaintiff has not filed a proper motion to recuse and prior rulings are not grounds for recusal.

Plaintiff has not shown that relief under Rule 60(b)(4) is warranted. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Void Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4) (Doc. 12) is **denied**.

**IT IS SO ORDERED**.

Dated this 16th day of October, 2017, in Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**