## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID L. WOODWARD,

      Plaintiff,

      v.                                       CASE NO.  16-3033-SAC

RICK HODGE, et al.,

      Defendants.

## ORDER

The Court dismissed this action upon screening (Docs. 8, 9), finding that Plaintiff's claims present no exception to the favorable-termination requirement in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and are therefore barred under *Heck*.  Plaintiff filed a Motion for Reconsideration (Doc. 10).  Plaintiff's motion for reconsideration alleged that the Court erred in finding that Plaintiff's § 1983 action is barred under *Heck*.  In an Order entered on November 22, 2016 (Doc. 11), the Court addressed Plaintiff's arguments and found that Plaintiff failed to show the need to correct clear error or prevent manifest injustice.  Plaintiff then filed a Motion to Void Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4) (Doc. 12), asking the Court to void its judgment dismissing his § 1983 complaint.  The Court found that Plaintiff failed to show that relief under Rule 60(b)(4) was warranted, and denied the motion in an Order entered on October 27, 2017.  (Doc. 13.)  This matter is before the Court on Plaintiff's Motion to Void Court's Order (Doc. 15).  Plaintiff is once again asking the Court to void its judgment dismissing his § 1983 case.  Plaintiff has also filed a Motion for Recusal of Judge Pursuant to 28 U.S.C. 455(a) (Doc. 16).

1.  **Motion for Recusal**

Plaintiff's motion for recusal alleges that the undersigned is biased and prejudiced toward prisoners because relief is denied in nearly all matters brought by them. Plaintiff then sets forth his disagreements with the undersigned's decision in this case, citing the same arguments he makes in his motions to void judgment.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir.

1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial

source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for recusal is denied.

### 2. Motion to Void Court's Order

Plaintiff seeks relief from the Court's judgment under Rules 60(b)(4) and (6), which provide that the Court may relieve a party from a final judgment if the judgment is void or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4) and (6). This Court's previous Order at Doc. 13 set forth the reasons why Plaintiff has not shown that relief under Rule 60(b)(4) is warranted. The Court adopts the reasoning set forth in that Order. *See* Doc. 13, at 2–3.

Plaintiff's request to void the Court's Order under Rule 60(b)(6) is also denied. Plaintiff argues that the Court should nullify its judgment of dismissal, because the Court was "legislating from the bench" by following the decision in *Heck*. Plaintiff argues that the Court should have strictly read the language of § 1983 without relying on *Heck*. Plaintiff also argues that the decision in *Heck* is unconstitutional and inconsistent with due process.

*Heck* is a United States Supreme Court decision. *See Heck v. Humphrey*, 512 U.S. 477 (1994). This Court is bound by Supreme Court decisions. *See United States v. Titties*, 852 F.3d 1257, 1269 (10th Cir. 2017) (explaining that the Tenth Circuit is not bound by past panel

decisions "when the Supreme Court issues an intervening decision that is contrary to or invalidates" the Tenth Circuit's previous analysis) (citation omitted); *United States v. Cox*, 235 F. Supp. 3d 1221, 1223 (D. Kan. 2017). (stating that this court is bound to follow decisions from the Supreme Court or the Tenth Circuit on any point of law, whether the decision is absolutely identical, or whether it sets out a principle of law that applies equally to different facts).

The Court is bound by the Supreme Court's decision in *Heck* until that court explicitly overrules it.[1]   *See Gowadia v. U.S. Air Force*, 587 F. App'x 660, 661 (D.C. Cir. 2014) ("Although [appellant] argues that *Heck* is unconstitutional and inconsistent with the Framers' intent, we are bound by the Supreme Court's decision in *Heck*") (citing *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) (per curiam) ("Needless to say, only this Court may overrule one of its precedents.")); *Smith v. California*, 393 F. App'x 521, 522 (9th Cir. 2010) ("To the extent Smith challenges the Supreme Court's decision in *Heck*, we are bound to follow that decision until it is explicitly overruled by that Court."). Plaintiff has not shown that relief under Rule 60(b)(4) or (6) is warranted. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Recusal of Judge Pursuant to 28 U.S.C. 455(a) (Doc. 16) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Void Court's Order (Doc. 15) is **denied**.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2017, in Topeka, Kansas.

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**

---

[1]  This Court held that Plaintiff's claims did not come within the noted exceptions to the favorable-termination requirement in *Heck*. *See* Doc. 8, at 6.